JAMES A. ORONOZ, ESQ.
Nevada Bar No. 6769
THOMAS A. ERICSSON, ESQ.
Nevada Bar No. 4982
Oronoz & Ericsson, LLC
9900 Covington Cross Dr., Ste. 290
Las Vegas, Nevada 89144
Telephone: (702) 878-2889
Facsimile: (702) 522-1542
jim@oronozlawyers.com
tom@oronozlawyers.com
*Attorneys for John Frank Thomas, III*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JOHN FRANK THOMAS, III,<br>Defendant. | CASE NO: 2:20-cr-00296-GMN-MDC<br><br>**Stipulation to Continue Hearing on Defendant's Motion for a Competency Evaluation**<br><br>(Fifth Request) |

IT IS HEREBY STIPULATED AND AGREED by JOHN FRANK THOMAS, III, by and through his attorneys, JAMES A. ORONOZ, ESQ. and THOMAS A. ERICSSON, ESQ., and the United States of America, by and through JAMES J. GAETA, ESQ., Assistant United States Attorney, and that the hearing on Defendant's motion for a competency evaluation currently set for July 30, 2026, before Magistrate Judge Maximiliano D. Couvillier, III, be continued for ninety days (90) days to no sooner than October 28, 2026. The request for a continuance is based upon the following:

1. The hearing on Mr. Thomas's motion for competency evaluation is currently set for July 30, 2026, at 9:00 a.m.

2. The Defense and the Government have conferred and agree that additional time is warranted. Counsel's interactions with Mr. Thomas

have raised concerns about how his recent head trauma has impacted his cognitive functioning. Those concerns first arose at the time of the fourth stipulation (ECF 100), at which point counsel determined that Mr. Thomas's medical records needed to be obtained and reviewed. Counsel thereafter ordered those records—which contained hundreds of pages—and it took substantial time both to receive them and to have them reviewed by the defense's expert. Upon review, the expert confirmed that the records indicate Mr. Thomas's injury caused cognitive impairment and necessitate a full reevaluation to determine the extent of that impairment. Without reevaluation, counsel cannot understand—much less accurately represent to this Court—the nature and extent of Mr. Thomas's current cognitive functioning.

3. Accordingly, both Parties' medical experts require additional time to reevaluate Mr. Thomas and determine the extent to which his head trauma has affected his cognitive functioning and competency.

4. This continuance is not sought for purposes of delay, but to afford both Parties' experts sufficient time to evaluate Mr. Thomas's current cognitive functioning and competency.

5. Defendant is not in custody and does not object to this continuance.

6. Denial of this request could result in a miscarriage of justice, taking into account the exercise of due diligence.

7. The additional time requested by this stipulation is excludable in computing the time within which the trial must start under the Speedy Trial Act, Title 18, United States Code, Section 3161 et. seq., considering the factors under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

/ / /

/ / /

/ / /

/ / /

8. This is the fifth request for a continuance of this hearing.

DATED: July 13, 2026.

Respectfully submitted,

*/s/ James A. Oronoz*
James A. Oronoz, Esq.
Thomas A. Ericsson, Esq.
Oronoz & Ericsson, LLC
9900 Covington Cross Dr., Ste. 290
Las Vegas, Nevada 89144
*Attorneys for John Frank Thomas, III*

*/s/ James J. Gaeta*
James J. Gaeta, Esq
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
*Attorney for the United States of America*

JAMES A. ORONOZ, ESQ.
Nevada Bar No. 6769
THOMAS A. ERICSSON, ESQ.
Nevada Bar No. 4982
Oronoz & Ericsson, LLC
9900 Covington Cross Dr., Ste. 290
Las Vegas, Nevada 89144
Telephone: (702) 878-2889
Facsimile: (702) 522-1542
jim@oronozlawyers.com
tom@oronozlawyers.com
*Attorneys for John Frank Thomas, III*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | CASE NO: 2:20-cr-00296-GMN-MDC |
| vs. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |
| JOHN FRANK THOMAS, III, Defendant. | (Fifth Request) |

**FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds:

1. The hearing on Mr. Thomas's motion for competency evaluation is currently set for July 30, 2026, at 9:00 a.m.

2. The Defense and the Government have conferred and agree that additional time is warranted. Counsel's interactions with Mr. Thomas have raised concerns about how his recent head trauma has impacted his cognitive functioning. Those concerns first arose at the time of the fourth stipulation (ECF 100), at which point counsel determined that Mr. Thomas's medical records needed to be obtained and reviewed. Counsel thereafter ordered those records—which contained hundreds of pages—and it took substantial time both to receive them and to have them reviewed by the defense's expert. Upon review, the expert

confirmed that the records indicate Mr. Thomas's injury caused cognitive impairment and necessitate a full reevaluation to determine the extent of that impairment. Without reevaluation, counsel cannot understand—much less accurately represent to this Court—the nature and extent of Mr. Thomas's current cognitive functioning.

3. This continuance is not sought for purposes of delay, but to afford both Parties' experts sufficient time to evaluate Mr. Thomas's current cognitive functioning and competency.

4. Defendant is not in custody and does not object to this continuance.

5. Denial of this request could result in a miscarriage of justice, taking into account the exercise of due diligence.

6. The additional time requested by this stipulation is excludable in computing the time within which the trial must start under the Speedy Trial Act, Title 18, United States Code, Section 3161 et. seq., considering the factors under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

7. This is the fifth request for a continuance of this hearing.

## CONCLUSION OF LAW

The ends of justice served by granting said continuance outweigh the best interests of the public and the defense in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the defendant sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

/ / /

/ / /

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv).

**ORDER**

The hearing on Defendant's Motion for a Competency Evaluation is continued to **August 27, 2026, at 9:00am in Courtroom 3D.**

IT IS SO ORDERED.

________________________________________
HON. MAXIMILIANO D. COUVILLIER, III
UNITED STATES MAGISTRATE JUDGE

DATED: July 15, 2026.